IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HOZAY ROYAL, | : | CIVIL ACTION |
| | : | NO. 05-4992 |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| PHILADELPHIA ADULT PROBATION | : | |
| & PAROLE, et al., | : | |
| | : | |
| Respondents. | : | |

**O R D E R**

**AND NOW**, this **11th** day of **May, 2006,** upon consideration of the Report and Recommendation of United States Magistrate Judge Jacob P. Hart (doc. no. 19) and petitioner's objections thereto (doc. no. 20), it is hereby **ORDERED** as follows:

1.  The Report and Recommendation is **APPROVED** and **ADOPTED**;[1]

---

[1] Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), petitioner has one year from the date on which his judgment becomes "final" to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). This limitations period may be tolled in certain circumstances. Section 2244 provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Additionally, the habeas limitations period may be subject to equitable tolling when "the plaintiff has in some extraordinary way been prevented from asserting his rights." Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).

In the instant case, petitioner plead guilty on September 9, 1999 in the Philadelphia County Court of Common Pleas to receiving stolen property. Petitioner did not file a direct appeal. Thus, his conviction became final thirty days later, i.e., on October 9, 1999, the deadline for filing an appeal to the Superior Court. Petitioner had one year from October 9, 1999 to file his federal habeas petitioner, or October 9, 2000. However, he did not do so until September 20, 2005, almost five years after the expiration of the deadline.

Additionally, neither section 2244(d)(2) nor the doctrine of equitable tolling applies. Section 2244(d)(2) does not apply

2.  Petitioner's objections to the Report and Recommendation are **OVERRULED**;

3.  The Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, (doc. no. 12) is **DENIED** and **DISMISSED**;

4.  There is no probable cause to issue a Certificate of Appealability.

**AND IT IS SO ORDERED.**

**S/Eduardo C. Robreno**

**EDUARDO C. ROBRENO, J.**

---

because only "properly filed" applications for collateral relief may toll the AEDPA limitations period.  Here, petitioner filed his petition for post-conviction relief on October 30, 2002.  The petition for post-conviction relief does not extend the deadline for his habeas petition because it was untimely under the jurisdictional time-bar of the Pennsylvania Post-Conviction Relief Act.  An untimely post-conviction relief petition is not "properly filed," see Pace v. DiGuglielmo, 544 U.S. 408 (2005), and thus, it does not toll the federal habeas limitations period.

Moreover, in petitioner's objections, he argues that the AEDPA limitations period should be equitably tolled because his trial counsel failed to file a notice of appeal despite petitioner's repeated requests for counsel to do so.  Petitioner has produced several letters from him to counsel dated from September 16, 1999 until August 22, 2001 requesting that counsel file the appeal.  However, counsel's alleged disregard does not help petitioner in these circumstances.  The letters provided by petitioner demonstrate that he knew counsel did not file the appeal, and thus, his conviction became final on October 9, 1999, the deadline for filing an appeal to the Superior Court.  Petitioner had one year from that date to file his federal habeas petition, yet he failed to do so.

---